UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

EVAN D.,

        Plaintiff,

  v.

COMMISSIONER OF SOCIAL SECURITY,

        Defendant.

CASE NO. C21-5789-BAT

**ORDER REVERSING AND REMANDING**

Plaintiff appeals the ALJ's decision denying his Title II application and finding him not disabled. Dkt. 11. The ALJ found Plaintiff's last date insured is March 31, 2019; that degenerative disc disease of the lumbar spine and cervical spine, irritable bowel syndrome (IBS), migraine headache, traumatic brain injury (TBI), major depressive disorder, alcohol abuse in remission, paroxysmal atrial fibrillation and degenerative disc disease of the knees are severe impairments; Plaintiff has the residual functional capacity (RFC) to perform light work with additional limitations; and Plaintiff cannot perform past relevant work but is not disabled because he can perform other work. Tr. 17-28.

Plaintiff argues the ALJ erroneously rejected the opinions of Chan Hwang, M.D., and Elizabeth Kunchandy, Ph.D. and the RFC determination thus fails to account for all work limitations.

ORDER REVERSING AND REMANDING - 1

As discussed below, the Court **REVERSES** the Commissioner's final decision and **REMANDS** the matter for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

## DISCUSSION

Plaintiff first contends the ALJ erroneously rejected Dr. Hwang's opinions. The ALJ rejected Dr. Hwang's opinions because the doctor examined Plaintiff a month after the date last insured. Dr. Hwang's exam and opinions, a month after the date last insured, are still relevant to Plaintiff's pre-expiration condition. *See Lester v. Chater*, 81 F.3d 821, 832 (9th Cir. 1995). There is nothing showing Plaintiff experienced a major symptom change the month after his last date insured. It is thus reasonable to infer the symptoms Dr. Hwang assessed were similar to the symptoms Plaintiff experienced the month before. *See e.g., Diedrich v. Berryhill*, 874 F.3d 634, 640 (9th Cir. 2017). Accordingly, the date Dr. Hwang examined Plaintiff is not grounds to reject the doctor's opinions.

However, the ALJ also rejected Dr. Hwang's opinions for other reasons. The ALJ found the opinion did not reflect Plaintiff's functioning during the relevant period. The ALJ rejected Dr. Hwang's note Plaintiff's uses a cane constantly, TR. 880, for his back and knee pain. The ALJ found Dr. Hwang's note is contradicted by Plaintiff's testimony he used a cane only a few times and that the medical record from the relevant period does not document a need for or use of a cane. Tr. 25. Plaintiff does not show the ALJ's finding is not supported by substantial evidence. The Court accordingly affirms the ALJ's finding to reject Dr. Hwang's opinion about the constant need for a cane.

The ALJ also rejected Dr. Hwang's opinions about Plaintiff's limits on walking, squatting, kneeling, lifting, and carrying on the grounds they were vague and unhelpful. In

specific, the ALJ noted Dr. Hwang opined Plaintiff's walking, squatting, kneeling, lifting, and carrying are "limited," but did not specify to what extent. Tr. 25. Dr. Hwang made this statement to "describe the functional impact" of Plaintiff's physical conditions. Tr. 881. Rather than rejecting the opinion outright, the ALJ was required to develop the record assess the extent of the limitation. *See e.g., Garcia v. Comm'r of Soc. Sec.*, 768 F.3d 925, 930 (9th Cir. 2014) (ALJ has a duty to fully and fairly develop the record).

The ALJ also noted Dr. Hwang found Plaintiff has reduced range of motion and reflexes. But the ALJ's determination this finding is consistent with the assessed RFC of reduced light work does not account for how Plaintiff has limits on walking, squatting, and kneeling. Simply concluding that notwithstanding Dr. Hwang's opinion Plaintiff can perform limited light work does not address the omitted limitations Dr. Hwang assessed.

The ALJ accordingly erred in rejecting Dr. Hwang's opinions as vague, as consistent with limited light work based upon earlier medical records. The errors are harmful because the RFC determination fails to account for Dr. Hwang's opinion.

Finally, the ALJ rejected Dr. Hwang's opinion Plaintiff's headaches would make it difficult for him to focus on tasks as overly reliant on Plaintiff's self-reports and as inconsistent with the medical record. Tr. 25. The ALJ specifically found Plaintiff's headaches were conservatively treated, that when he was prescribed Imitrex for migraines he suffered migraines just a few times a month, but that the record otherwise does not show Plaintiff significantly complained of headaches or sought additional treatment. *Id*.

Plaintiff argues the ALJ impermissibly ignored medical evidence showing he suffers from headaches. Plaintiff contends the records at Tr. 416, 419, 422 ,and 433 show he complained of headache. These are physical therapy records from April 2019 in which Plaintiff

complained of received treatment for backpain, not headache. To be sure some of the records show Plaintiff has a history of headache but the treatment records are not inconsistent with the ALJ's determination that the record does not support Plaintiff's claim of disabling headache.

In sum, the ALJ erred in rejecting Dr. Hwang's opinions about walking, squatting, kneeling, and lifting limitations and should reassess the limitations on remand. The doctor's range of motion examination findings are tied the limitations above and should be reassessed therefore at the same time. The Court otherwise affirms the ALJ's treatment of other portions of

Plaintiff also argues the ALJ erroneously rejected Dr. Kunchandy's opinions. The ALJ rejected Dr. Kunchandy's opinions because she examined Plaintiff on May 13, 2019, six weeks after the date last insured. Tr. 26. The ALJ erred. Plaintiff's mental health problems and substance abuse long existed before the examination, and thus the date Dr. Kunchandy examined him, is not alone grounds to reject here opinion.

The ALJ also rejected Dr. Kunchandy's opinion about the interaction between Plaintiff's substance use and mental impairments. The doctor opined his drinking worsened Plaintiff's ability to complete social and occupational tasks. Dr. Kunchandy noted Plaintiff drank daily, thinks about alcohol all the time, admitted smoking marijuana before the exam and that "he appeared intoxicated." Tr. 929-930. The ALJ failed to address the doctor's opinion despite the requirement to determine whether drug or alcohol use is a contributing factor, or not, to disability. *See* 20 C.F.R. §§ 404.1535(a). The Court assumes the ALJ failed to do so on the grounds Dr. Kunchandy's opinion reflected Plaintiff's substance use after the date last insured. But that ground is not supported by substantial evidence because VA medical records show Plaintiff was using substances and being treated for alcohol use disorder and cannabis use disorder during the relevant time period. *See e.g.,* Tr. 475, 478, 492, 519, 526, 531, 535, 537, 571

and 576. The ALJ accordingly erred in assessing Dr. Kunchandy's opinion, and her opinions must be reassessed on remand.

## CONCLUSION

For the foregoing reasons, the Court **REVERSES** the Commissioner's final decision and **REMANDS** the case for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).  On remand, the ALJ shall reassess the opinions of Drs. Hwang and Kunchandy, as noted above, develop the record and redetermine RFC as needed and proceed to the remaining steps of the disability evaluation process as appropriate.

DATED this 8th day of June, 2022.

BRIAN A. TSUCHIDA
United States Magistrate Judge